# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| **Plaintiff,** | § § | **Civil Action No. 3-08CV1105-B** |
| **v.** | § § | |
| **MICROTUNE, INC., DOUGLAS J. BARTEK and NANCY A. RICHARDSON,** | § § § | |
| **Defendants.** | § | |

## JOINT REPORT

In accordance with the Court's Scheduling Order, Plaintiff Securities and Exchange Commission and Defendants Douglas J. Bartek and Nancy A. Richardson respectfully submit this Joint Report regarding their agreement upon a mediator.

I.      Agreement Regarding Mediator

The parties have agreed to the following mediator:

Judge Robert M. Parker
Parker, Bunt & Ainsworth, P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas  75702

II.     Request by SEC

Because of the unique statutes and rules that define the authorities and obligations of the Commission and its staff, the Commission respectfully requests to be relieved of any mediation order's requirement that counsel obtain settlement authority from the client, or have the client available either in person or by telephone.  Instead, the SEC respectfully requests that it be authorized to appear through the attorneys in this case, as well as either the Fort Worth Regional Director or the Associate Director for Enforcement from the Fort Worth office.

The Securities and Exchange Commission consists of five Commissioners, appointed by the President by and with the advice and consent of the Senate.  See Securities Exchange Act of 1934 ["Exchange Act"], § 4(a), 15 U.S.C. § 78d(a). A securities law enforcement action may only be commenced by the Commission, *see* Exchange Act § 21(d)(1), 15 U.S.C. § 78u(d)(1), as distinct from the Commission's staff, who are appointed under Section 4(b) of the Exchange Act, 15 U.S.C. § 78d(b).  Just as only the Commission may authorize the filing of an enforcement action, only the Commission, not its staff, has authority to settle such an action.  Compare 17 C.F.R. §'202.5(f) ("In the course of the Commission's investigations, civil lawsuits, and administrative proceedings, the staff, with appropriate authorization, may discuss with persons involved the disposition of such matters by consent, by settlement, or in some other manner." [Emphasis added.])

Section 4A of the Exchange Act, 15 U.S.C. § 78d-1, provides for delegation of Commission responsibilities in certain circumstances; however, even the actions of a Section 4A delegate remain subject to the Commission's review.  For the convenience of the Court, Section 4A is quoted in full below:

> (a)  In addition to its existing authority, the Securities and Exchange Commission shall have the authority to delegate, by published order or rule, any of its functions to a division of the Commission, an individual Commissioner, an administrative law judge, or an employee or employee board, including functions with respect to hearing, determining, ordering, certifying, reporting, or otherwise acting as to any work, business, or matter.  Nothing in this section shall be deemed to supersede the provisions of section 556(b) of title 5, or to authorize the delegation of the function of rule-making as defined in subchapter II of chapter 5 of title 5, United States Code, with reference to general rules as distinguished from rules of particular applicability, or of the making of any rule pursuant to section 19(c) of this title.

> (b)  With respect to the delegation of any of its functions, as provided in subsection (a) of this section, the Commission shall

retain a discretionary right to review the action of any such division of the Commission, individual Commissioner, administrative law judge, employee, or employee board, upon its own initiative or upon petition of a party to or intervenor in such action, within such time and in such manner as the Commission by rule shall prescribe.  The vote of one member of the Commission shall be sufficient to bring any such action before the Commission for review.  A person or party shall be entitled to review by the Commission if he or it is adversely affected by action at a delegated level which (1) denies any request for action pursuant to section 8(a) or section 8(c) of the Securities Act of 1933 or the first sentence of section 12(d) of this title; (2) suspends trading in a security pursuant to section 12(k) of this title; or (3) is pursuant to any provision of this title in a case of adjudication, as defined in section 551 of title 5, United States Code, not required by this title to be determined on the record after notice and opportunity for hearing (except to the extent there is involved a matter described in section 554(a)(1) through (6) of such title 5).

(c)  If the right to exercise such review is declined, or if no such review is sought within the time stated in the rules promulgated by the Commission, then the action of any such division of the Commission, individual Commissioner, administrative law judge, employee, or employee board, shall, for all purposes, including appeal or review thereof, be deemed the action of the Commission.

In *In re Stone*, 986 F.2d 898 (5th Cir. 1993), the Fifth Circuit held that a routine district court order requiring the Justice Department to be represented at all settlement conferences by a person with full settlement authority to be an abuse of discretion.  The Court of Appeals found that pursuant to the district court's inherent power to manage its own docket, the court could require a party, including the government, to have a representative with full settlement authority "present -- or at least reasonably and promptly accessible -- at pretrial conferences."  *Id.* at 903. The Fifth Circuit also stated, however, that "a district court must consider the unique position of the government as a litigant in determining whether to exercise its discretion in favor of issuing such an order."  *Id.*  [Footnote omitted.]

The Commission respectfully requests that it be permitted to attend any mediation or other settlement conference through the staff attorneys whom it has assigned to this case.[1] Those counsel have full authority to negotiate a settlement that the Fort Worth Regional Office would recommend to the Commission.  Commission counsel represent that they will promptly submit any bona fide settlement proposal from any defendant for consideration by the Commissioners in Washington.

---

[1]     With the Court's permission, counsel intends to have either Fort Worth Regional Director Rose Romero or Associate Regional Director for the Enforcement Division, Stephen Korotash, attend the mediation.

Dated: January 15, 2009

Respectfully submitted,


*s/ Toby M. Galloway*
Toby M. Galloway
Texas Bar No. 00790733
David Reece
Texas Bar No. 24002810
Michael D. King
Texas Bar No. 24032634
D. Thomas Keltner
Texas Bar No. 24007474
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
801 Cherry Street, 19th Floor
Fort Worth, TX 76102
E-mail: GallowayT@sec.gov
Phone: (817) 978-6447 (Galloway)
Fax: (817) 978-2700



*s/ Ronald W. Breaux*
Ronald Breaux
Texas Bar No. 02937200
HAYNES AND BOONE, LLP
901 Main Street, Suite 3100
Dallas, TX  75202-3789
Telephone:  214.651.5000
Telecopier:  214.651.5940

David Fielder
(seeking *pro hac vice admission*)

HAYNES AND BOONE, LLP
1615 L Street, N.W., Suite 800
Washington, DC  20036-5610
Telephone:  202.654.4500
Telecopier:  202.654.4501

Attorneys for Defendant
Douglas Bartek

<u>*s/ Susan D. Resley*</u>
Susan D. Resley
(Admitted *pro hac vice*)
Jonathan Gaskin
(Admitted *pro hac vice*)
Justin Lichterman
(Admitted *pro hac vice*)
ORRICK HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
E-mail:  sresley@orrick.com
Phone:  (650) 614-7400
Fax:  (650) 614-7401

Russell Duncan
(Admitted *pro hac vice*)
Zeno Baucus
(Admitted *pro hac vice*)
ORRICK HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005
E-mail: rduncan@orrick.com
Phone: (202) 339-8400
Fax: (202) 339-8500

Dawn Estes
Texas Bar No. 14251350
TABER ESTES THORNE & CARR PLLC
3500 Maple Avenue, Suite 1340
Dallas, Texas 75219
E-mail: destes@taberestes.com
Phone: (214) 526-2100
Fax: (214) 526-2100

Attorneys for Defendant
Nancy Richardson